IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN J. SMITH, | No. C 16-5478 CW |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| DEANNE DE SANTO; JOE DESANTO; DE SANTO FAMILY; et al., | |
| Defendants. | |

Pro se Plaintiff Ryan J. Smith has filed a complaint in this Court alleging claims for "parental alienation," "conspiracy of rights," and "Munchausen Syndrome by proxy."[1]  Docket No. 1. Subject matter jurisdiction is predicated on federal question jurisdiction.  Id. at 2.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"

---

[1] The Court notes that the complaint identifies by name Plaintiff's five year old son.  Federal Rule of Civil Procedure 5.2(a) provides that the name of any "individual known to be a minor" must be redacted from publicly filed court documents.  The Court has restricted access to the complaint on the electronic docket so that only case participants may view it.  In all future filings, Plaintiff shall identify his son by his initials, rather than his full name.

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).

Under 28 U.S.C. § 1331, district courts have federal question jurisdiction over civil actions arising under the United States Constitution, laws or treaties of the United States.  The Supreme Court has stated, "We have long held that '[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)).  It does not appear from the face of Plaintiff's complaint that his claims are based on the United States Constitution or any federal law or treaty.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why his complaint should not be dismissed for lack of subject matter jurisdiction.  Any response must be filed within three weeks of the date of this order.  Failure to submit a response by this deadline may be deemed as consent to dismissal without prejudice of this action.

The Court advises Plaintiff that he may wish to seek assistance from the Legal Help Center, with locations in room 2796, on the 15th Floor of the Federal Building, 450 Golden Gate Avenue, San Francisco, California, and in room 470s, on the 4th Floor of the Federal Courthouse, 1301 Clay Street, Oakland, California, where Plaintiff may sign up for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.  The telephone number for scheduling an appointment with either location of the Legal Help Center is (415) 782-8982.

IT IS SO ORDERED.

Dated: October 14, 2016

_____
CLAUDIA WILKEN
United States District Judge